[Civ. No. 18376.   First Dist., Div. Two.   July 1, 1959.]

ROBERT A. FOLDEN et al., Appellants, v. GRACE
HELEN LOBROVICH, Respondent.

William G. Clark for Appellants.

John J. Jones and Edwin H. Williams for Respondent.

O'DONNELL, J. pro tem.*—Plaintiffs, who were partners doing business under the name of "Trio Food Center," and defendant entered into the following written contract:

"This agreement made on March 3, 1954 between Grace Lobrovich, the Owner, of 1378 Lincoln Avenue, San Jose, a store building, and the Trio Food Center, a partnership, the Prospective Tenant.

"The Owner agrees to remodel said premises according to a certain plans and specifications, or its mutually approved modification and specifically to erect a new store front and partitions to provide two stores and a warehouse, and lease and rent same to the Tenant. Work on remodeling to begin at once and be completed on or before June 1, 1954.

"A standard lease to be prepared and executed prior to June first upon the following terms and conditions: lease period, 10 years: rent, $400. per month; preference option, 10 years additional; effective June 1, 1954; right granted to sublease.

"The Tenant shall pay the Owner $2400. cash, receipt of which is hereby acknowledged; said sum to apply to the rent for the last six months of the period of the lease; monthly rent is payable in advance when due.

"It is further agreed between Owner and Tenant that this proposed lease will become effective only if and when Tenant secure leasing agreements satisfactory to him, on the Mascovich property forming the corner store of Minnesota and Lincoln Aves. and the second lot from said corner on Minnesota Ave; also the dArtenay store building and parking lot adjoining. And it is further agreed that should Tenant fail to secure such agreements, all obligations created hereunder will become null and void, but the $2400. above stated shall be retained by the Owner as liquidated and accrued damages."

Pursuant to the contract defendant immediately began remodeling the store building. Plaintiffs were unable to secure leases on the other properties referred to in the contract. They notified defendant of this fact and demanded return of the $2,400 they had paid her under the contract. Defendant

*Assigned by Chairman of Judicial Council.

refused to return the money and plaintiffs brought this action for money had and received. Judgment was rendered in favor of defendant and plaintiffs appeal.

The case was tried in the lower court on the theory that the determinative issue was whether the provision in the contract for the retention by defendant of the $2,400 constituted a penalty (Civ. Code, § 1670) or liquidated damages (Civ. Code, § 1671). The trial court concluded that this clause constituted an agreement for liquidated damages and that defendant was therefore entitled to retain the $2,400. On this appeal defendant advances, for the first time, the theory that the provision for defendant's retention of the $2,400 constitutes neither a penalty nor liquidated damages, but rather that it is to be viewed as consideration for a right granted to plaintiffs to be relieved of their obligations under the contract should they not obtain leases on the other properties. We are of the opinion that this latter theory is the correct one.

Both section 1670 and section 1671 of the Civil Code are concerned only with breaches of contract. There is no breach of contract in our case. In fact, the provisions of the contract were fully complied with by both parties.

The essence of the contract is simply this: Plaintiffs bought, for the sum of $2,400, the privilege of having defendant's store building available for their use and occupancy for a 10-year term should they be able to negotiate leases of the other properties. Having failed to secure such leases, the contract has, by its express terms, been fully performed and is at an end.

The employment of the term "liquidated damages" to describe the consideration paid by plaintiffs for the promises of defendant was, of course, unfortunate. However, this misdescription does not alter the nature or legal effect of the payment. In *Kuhlemeier* v. *Lack*, 50 Cal.App.2d 802 [123 P.2d 918], a case quite similar on its facts to the case at bar, the lessee was, by the terms of the lease, given the right to terminate the lease prior to its stated terms, in which event, however, he would "forfeit" the advance rentals he had paid. The court said (p. 807): "The so-called forfeiture provision came into operation solely as a result of the lessee's voluntary action in exercising the option to terminate the lease. Since the option was exercised in accordance with the terms of the contract, it cannot be considered as a breach of the contract."

The court therefore held section 1670 of the Civil Code to be inapplicable. Page 808: "The fact that the parties have used the word 'forfeit' in the lease is not determinative of their interest. . . . The fact that in the present case the lessee has agreed to relinquish or 'forfeit' a right to a sum of money, instead of to pay a sum of money, does not alter the situation. In either event the payment of money, or the relinquishment of the right to demand the return of money, constitutes the consideration for the option to terminate the lease."

■ Plaintiffs contend that we are precluded from considering the theory of the case now being advanced by defendant by the rule that a party may not, for the first time on appeal, change the theory of his case. (*Panopulos* v. *Maderis,* 47 Cal.2d 337 [303 P.2d 738].) However, an exception to this rule is recognized. In the Panopulos case the court said at page 341: "If a question of law only is presented on the facts appearing in the record the change in theory may be permitted." We think that the exception to the rule is applicable to our case. The contract here involved, though awkwardly expressed, clearly spells out the rights and obligations of the respective parties. It does not need the assistance of parol evidence to determine what those rights and obligations are. ■ "If the language of the instrument is clear and explicit the intention of the parties must be ascertained from the writing alone. Parol evidence is admissible only where the language used is doubtful, uncertain or ambiguous and only then in cases where the doubt appears upon the face of the contract." (*Eastern-Columbia, Inc.* v. *System Auto Parks, Inc.,* 100 Cal.App.2d 541, 545 [224 P.2d 37]. To the same effect see *United Iron Works* v. *Outer Harbor etc. Co.,* 168 Cal. 81 [141 P. 917], and *Crow* v. *P.E.G. Construction Co., Inc.,* 156 Cal.App.2d 271 [319 P.2d 47].) ■ The interpretation of the contract here involved is therefore purely a matter of law and we are not restrained from interpreting its true meaning and effect by reason of the fact that a different interpretation was adopted by all concerned in the trial court. (4 Cal.Jur.2d, p. 484.)

The judgment is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 26, 1959. Traynor, J., and Peters, J., were of the opinion that the petition should be granted.