[Civ. No. 23426.   First Dist., Div. Two.   Apr. 17, 1967.]

KEY INSURANCE EXCHANGE, Plaintiff and Appellant, v. L. J. BIAGINI, SR., Defendant and Respondent.

L. J. BIAGINI, SR., Plaintiff and Respondent, v. KEY INSURANCE EXCHANGE, Defendant and Appellant.

(Consolidated Cases.)

Maloney, Chase, Fisher & Hurst and James T. Hurst for Plaintiff and Appellant and Defendant and Appellant.

Muller & Filippi and John A. Thompson for Defendant and Respondent and Plaintiff and Respondent.

AGEE, J.—Key Insurance Exchange appeals following confirmation by the superior court of an arbitration award of $5,889.40 made against Key and in favor of its insured, L. J. Biagini, Sr.[1]

On November 30, 1961 Biagini sustained bodily injury in an automobile collision allegedly caused by the negligence of an uninsured motorist. On said date there was in effect a standard automobile liability insurance policy issued by Key to Biagini on July 16, 1961.

Subdivision (a) of section 11580.2 of the Insurance Code provides that any such policy shall contain a provision "insuring the insured . . . for all sums within such [policy] limits which he . . . shall be legally entitled to recover as damages for bodily injury . . . from the owner or operator of an uninsured motor vehicle."

Subdivision (e) of the same section requires that the policy "shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration."

The provisions of the policy admittedly complied with these statutory requirements. However, when the policy was issued there was no provision, either in the policy or in the law, specifying the period within which such arbitration was required to be instituted.

Effective September 15, 1961 section 11580.2 was repealed and simultaneously re-enacted as revised. (Stats. 1961, ch. 1189, §§ 1, 2.) Subdivision (h) was *added.* It provides as follows:

"No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (2) Agreement as to the amount due under the policy has been concluded, or (3) The insured has formally instituted arbitra-

---

[1] Separate actions were filed, one by Biagini to confirm the award and one by Key to vacate the award; these were consolidated for trial; Key has appealed from the judgment in each action.

tion proceedings." (We refer to this provision hereafter as "subdivision (h).")

Only (3) concerns us here, since Biagini did not file suit against the uninsured motorist or conclude any settlement agreement with Key. On December 3, 1963, over *two years* after the accident, Biagini filed a demand for arbitration with the American Arbitration Association.

On November 2, 1964 the parties made their first appearance before the association and discussed what issues were to be arbitrated. On November 4, 1964 the association's clerk mailed out a notice setting forth three issues to be briefed by the parties. It incorrectly stated that one of such issues was "whether 11580.2 of the California Code of Civil Procedure [obviously meant to be Insurance Code] applies."

Key's counsel immediately called the arbitrator's attention to this error by letter of November 5, 1964, stating therein that "the major point for writing is to confirm the fact that at the hearing we specifically objected to the submission of the application of Section 11580.2 of the Insurance Code for decision by the arbitrator."

In the subsequent superior court trial, Biagini's counsel stipulated that Key had maintained this position throughout the arbitration proceedings.

The clerk's statement of November 4, 1964 correctly recited that the parties had agreed to submit to arbitration "whether 340 of the California Code of Civil Procedure applies"[2] and "the amount of damages sustained." (Apparently, the issues as to the uninsured motorist's blame for the collision and his lack of insurance were not in dispute.)

The arbitration award was made on December 24, 1964. It does not indicate on its face whether the arbitrator had considered or attempted to decide the issue relating to subdivision (h).

However, the trial court made a finding that the arbitrator "did, in fact, determine all issues, including whether Insurance Code section 11580.2 (h) was applicable to the case."

---

[2]Under subdivision (e) of section 11580.2, the insured must be "legally entitled to recover damages" from the uninsured motorist in order to entitle the insured to recover such damages from the insurer. It was Key's contention that Biagini was not legally entitled to recover from the uninsured motorist because the latter could interpose the one-year limitation period contained in Code of Civil Procedure section 340 as a defense to any action brought against him by Biagini.

This finding has no evidentiary support and cannot stand. It is undisputed that Key did not agree to submit this issue to arbitration. In addition to Biagini's stipulation to this effect, Key offered in evidence the arbitrator's declaration,[3] made under penalty of perjury, that he did not consider or pass upon the issue in question. The trial court's exclusion of this declaration was error.

In *Sapp* v. *Barenfeld*, 34 Cal.2d 515 [212 P.2d 233], it was held that an arbitrator's affidavit of similar import was properly received by the trial court. The Supreme Court stated, at page 523:

"Appellants' contention that Fleishman's affidavit was inadmissible as tending to impeach his award cannot be upheld. Although an arbitrator cannot impeach the award by testifying to his fraud or misconduct, his testimony is admissible to show what matters were submitted for decision and were considered by the arbitrators." (To the same effect: *Banks* v. *Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34, 39 [55 Cal.Rptr. 139].)

Having concluded that the applicability of the time limitation provision in subdivision (h) was not one of the issues before the arbitrator and was not in fact considered by him, we turn our attention to two recent decisions which hold that this question is one for *judicial* determination.

In *Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal. App.2d 63, 67 [54 Cal.Rptr. 470], the court stated that "the issue of the statute of limitations set forth in subdivision (h) of section 11580.2 was one for judicial determination prior to arbitration."

In *Aetna Cas. & Surety Co.* v. *Superior Court* (1965) 233 Cal.App.2d 333, 340 [43 Cal.Rptr. 476], the court stated: "In the civil action brought by petitioner against its insured, Lane, it was and is the duty of the superior court to determine whether the petitioner was relieved of any duty to arbitrate by reason of the assured's failure to comply or to show

---

[3]The pertinent portion thereof is as follows: "At the hearing counsel for Key Insurance Exchange took the position that I did not have jurisdiction or authority to determine the applicability or effect of Insurance Code Section 11580.2(h) and specifically refused to submit such questions to my decision. This position was reiterated and confirmed in a writing addressed to the American Arbitration Association from counsel for Key Insurance Exchange. In considering the case and rendering my award I did not rule upon my jurisdiction to decide the applicability or effect of said Code Section, nor did I consider said Code Section in rendering my award."

legal cause for noncompliance with the conditions precedent as set forth in subdivision (h) of section 11580.2 of the Insurance Code.''

In neither of the above cases was there an arbitration hearing held prior to the court hearing. However, since there has been no arbitration hearing on the issue in question, the instant situation is the same in effect.

We recognize, of course, that an arbitration agreement may by its express terms confer upon the arbitrator ''the unusual power of determining his own jurisdiction. . . .'' (*McCarroll v. Los Angeles County etc. Carpenters,* 49 Cal.2d 45, 65-66 [315 P.2d 322].) However, ''[i]n the absence of a clear showing of such intent [to do so] that question continues in its normal abiding place, the court forum.'' (*Pari-Mutuel etc. Guild v. Los Angeles Turf Club, Inc.,* 169 Cal.App.2d 571, 579 [337 P.2d 575]; *J. H. Pomeroy & Co. v. Soulé Steel Co.,* 156 Cal.App.2d 691, 693 [320 P.2d 172].) There was no such ''clear showing'' in the instant case.

We have concluded that the proper forum for the determination of the issue under discussion was the superior court. We turn now to the judgments rendered therein.

These are based upon the faulty premise that subdivision (h) is not applicable to an insurance policy issued prior to the effective date of said enactment, September 15, 1961.

In adopting Biagini's contention that subdivision (h) ''cannot be applied retrospectively'' and that ''[t]he rights of Mr. Biagini were determined as they existed on July 16, 1961,'' the court made the following finding: ''That the cause of action of L. J. Biagini, Sr. against Key Insurance Exchange is *controlled* by Chapter 817 of Acts of the Legislature of the year *1959.*'' (Italics ours.)

The findings were signed on July 12, 1965. The court was undoubtedly unaware at that time of *Niagara Fire Ins. Co. v. Cole,* 235 Cal.App.2d 40 [44 Cal.Rptr. 889], decided June 10, 1965, and published in the Official Advance Sheets under date of June 29, 1965. This is the first appellate decision on the point now under discussion. It was followed by *Pacific Indem. Co. v. Superior Court,* 246 Cal.App.2d 63, *supra,* decided November 2, 1966.

The court in *Pacific Indemnity* concluded, as did the court in *Niagara Fire,* that ''the one-year period of limitations [in subdivision (h)], although created by statute *after the issuance of the policy* . . . , may be constitutionally applied

prospectively[4] to the cause of action and is a bar to the real party's right to arbitration." (P. 70; italics added.)

At the time it was called upon to respond to Biagini's demand for arbitration Key did not have the benefit of the *Niagara* decision. However, it did consistently urge that the issue in question was purely one of law to be decided by the *court* upon the undisputed facts. It is true that all of the issues which the Uninsured Motorist Coverage Act *requires* to be arbitrated were in fact submitted to arbitration. (Ins. Code, § 11580.2, subd. (e).)

However, it is not contended that such submission in any way acted as an estoppel or waiver as to Key's right to reserve the issue of the applicability of subdivision (h) for determination by the court below. That court should have determined such issue in favor of Key *as a matter of law.*

In view of this holding it is unnecessary to consider whether the award should have been reduced by the payments made to Biagini under the Workmen's Compensation Act.

The judgments are reversed.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied May 17, 1967, and respondent's petition for a hearing by the Supreme Court was denied June 14, 1967.

---

[4]The accident in Pacific Indemnity happened *prior* to September 15, 1961; in order to avoid constitutional difficulties in retroactive application, the one-year period was measured from the effective date of subd. (h); the period in the instant case is measured from the date of the accident, November 30, 1961.