[Civ. No. 24657.    First Dist., Div. Two.    July 14, 1967.]

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; JOSEPH HESTER, Real Party in Interest.

Maloney, Chase, Fisher & Hurst and John R. Maloney for Petitioner.

No appearance for Respondents.

Haley, McInerney & Dillon and J. Fred Haley for Real Party in Interest.

AGEE, J.—Petitioner (hereafter "insurer") seeks a writ of mandate to compel respondent superior court to set aside its order vacating an arbitration award which denied any recovery to real party in interest (hereafter "insured").

The insured was injured in a two-car collision with an uninsured motorist. The insurer had issued an insurance policy to the insured, containing the usual uninsured motorist coverage. (Ins. Code, § 11580.2.) Arbitration proceedings were thereafter held to determine whether the insured was legally entitled to recover damages. (Ins. Code, § 11580.2, subd. (e).)

By agreement* the issues submitted to the arbitrator for decision were: (1) the negligence of the uninsured motorist, if any; (2) proximate cause; (3) contributory negligence of the insured, if any; (4) proximate cause; (5) the nature and extent of the injuries and damages, if any. (No issue was raised as to whether the other motorist was uninsured.)

---

*As set forth in the *undenied* declaration, under penalty of perjury of James T. Hurst, attorney for the insurer, which declaration is a part of the record before the superior court as well as the record before us.

After the arbitration hearing, the arbitrator issued the following award: "The claim of Joseph Hester [insured] against National Union Fire Insurance Company [insurer] is denied. The administrative fees and expenses of the American Arbitration Association shall be borne by Joseph Hester. This Award is in full settlement of all claims submitted to this arbitration."

### The Superior Court Hearing

No testimony was received or offered at the court hearing. The basis upon which the insured's petition sought to have the award vacated is that the award "does not contain any indication whether the arbitrator found against the claimant because" the uninsured motorist was not proven to be negligent, the insured was proven to be contributorily negligent, etc.

The insured alleged that "he paid the premium required for uninsured motorist coverage under the policy and he is entitled to know wherein his proof failed, if it failed. . . ." The insured's petition then proceeds to detail his version of the evidence presented to the arbitrator as to the facts of the accident and the extent of his injuries, concluding as follows: "That the failure of the arbitrator to make findings on the basic issues of the case, . . . particularly considering the overwhelming evidence in favor of the claimant, as set out in paragraph VII, deprives the claimant of his property, particularly considering that claimant paid the premiums for this uninsured motorist coverage, without due process of law."

It appears to us from the record that the insured took the position before the superior court that the arbitrator was required to make specific findings on the issues before him.

The insured now denies this, stating: "We did not contend in the Superior Court and we do not now contend that the arbitrator must make findings or explain the rationale of his decision, nor did we argue 'sufficiency of the evidence.'

"We did argue that certain issues were submitted to the arbitrator for decision and Joseph M. Hester has the right to know, for one reason because he paid the premiums for this uninsured motorist coverage, whether he lost out in the arbitration because the arbitrator concluded that the other driver was not uninsured,[1] or was not negligent, or because Joseph

---

[1] Our attention has not been called to any place in the record which indicates that this was an issue in dispute or one which was requested to be arbitrated.

M. Hester was contributorily negligent or because Joseph M. Hester received no injuries. . . .''

From the foregoing it seems clear that, *at least now,* the parties agree that the arbitrator is not required to make findings of fact or give the reason or reasons for his conclusion, or spell out the rationale of his award. (*Sapp* v. *Barenfeld,* 34 Cal.2d 515, 522-523 [212 P.2d 233] ; *Jordan* v. *Pacific Auto Ins. Co.,* 232 Cal.App.2d 127, 132 [42 Cal.Rptr. 556] ; *Interinsurance Exchange of Auto. Club* v. *Bailes,* 219 Cal.App.2d 830, 837 [33 Cal.Rptr. 533] ; *Case* v. *Alperson,* 181 Cal.App.2d 757, 761 [5 Cal.Rptr. 635] ; *Harris* v. *Havenar,* 169 Cal.App. 2d 531, 534 [337 P.2d 832].)

The sole grounds for the vacation of an arbitration award are those set forth in the statute. (Code Civ. Proc., § 1286.2; *Ulene* v. *Murray Millman of Cal.,* 175 Cal.App.2d 655, 660-661 [346 P.2d 494] ; *Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 186 [260 P.2d 156]; *Nickals* v. *Ohio Farmers Ins. Co.,* 237 F.Supp. 904, 906.) These grounds are as follows: ''(a) The award was procured by corruption, fraud or other undue means; (b) There was corruption in any of the arbitrators; (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or (e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.''

The insured states that he relies upon subdivisions (c) and (e) of section 1286.2, particularly the last portion of subdivision (e), which refers to ''other conduct.'' He contends that this conduct consists of the arbitrator's failure to comply with the provision in Code of Civil Procedure section 1283.4 which is quoted and discussed below.

In the only precedent cited by the insured on the point in question, the court stated that if an arbitrator does not ''exercise his powers fully,'' this ''may be a ground to vacate under subdivision (e) but it is not 'misconduct' under subdivision (c).'' (*Banks* v. *Milwaukee Ins. Co.,* 247 Cal.App.2d 34, 38 [55 Cal.Rptr. 139].)

In this cited case, the plaintiff was awarded $539.50 in arbitration proceedings held after he was injured by an uninsured motorist. This sum was the exact amount of his special damages. One of the issues submitted to arbitration was the issue of general damages.

Plaintiff petitioned the superior court to vacate the award. (Code Civ. Proc., § 1285.) In support of the petition, plaintiff presented the arbitrator's declaration stating that the award was for special damages only and that he had ngelected to make any award for general damages.

Section 1283.4 of the Code of Civil Procedure provides in pertinent part as follows: "It [the award] shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."

The court stated that if the issue of general damages was submitted to the arbitrator "and that he had *totally failed to consider it*," the award should be vacated. (P. 38.) It then pointed out that "the positive statement [declaration] that the arbitrator had neglected to make an award for general damages" was "*nowhere denied*." (P. 39; italics added.)

Therefore, the court reached the following decision: "We conclude that the record before us sufficiently shows that the arbitrator had violated the requirements of section 1283.4 and, therefore, that the trial court should have vacated the award and directed further proceedings in accordance with the provisions of section 1287." (P. 39.)

In *Banks,* the award of *some* damages carried with it the necessary implication that the arbitrator had determined the questions as to negligence and contributory negligence in favor of plaintiff. The award in the exact amount of the special damages indicated an oversight as to the general damages.

However, despite such clear implications, the court in *Banks* actually based its decision upon the affirmative showing made by plaintiff as to the arbitrator's failure to comply with section 1283.4. The court referred to the arbitrator's declaration under penalty of perjury as a "positive statement that the arbitrator had neglected to make an award for general damages" and stated that, "If that declaration was properly admitted [in evidence], its statements (nowhere denied) are sufficient." (See *Sapp* v. *Barenfeld, supra,* 34 Cal.2d 515,

523, and *Key Ins. Exchange* v. *Biagini,* 250 Cal.App.2d 143 [58 Cal.Rptr. 408], as to admissibility of arbitrator's declaration.)

In the instant case, the record contains *no showing at all* that the arbitrator did not consider and determine "all the questions submitted . . . *the decision of which is necessary in order to determine the controversy.*" (Code Civ. Proc.; § 1283.4; italics added.)

It should be kept in mind that the arbitrator here was not required to even consider the issue as to damages if he determined either one or both of the issues of negligence and contributory negligence adversely to the insured. It is well settled that "The injured person is covered [by his insurance policy] only if he is 'legally entitled to recover' from the uninsured motorist, and the issue of the latter's liability must first be determined." (Witkin, Summary of Cal. Law (1965 Supp.), p. 490.)

It is clear from what has been said above that there exists no basis upon which the superior court had a right to vacate the award.

### Propriety of Mandamus

The insurer alleges that it has no plain, speedy, or adequate remedy at law in the ordinary course of law[2] in that the order vacating the award is nonappealable for the reason that it contains a direction that the arbitration shall be reheard. (Code Civ. Proc., § 1294, subd. (c), expressly excepting an order containing such a provision from the appealable orders listed therein.)

We have determined above (1) that the sole grounds upon which an arbitration award may be vacated by the superior court are those grounds specified in Code of Civil Procedure section 1286.2; (2) that none of those grounds are alleged in the insured's petition to vacate; (3) that there was no evidence received or offered in support of any such ground; and (4) that, in such a situation, the court was required *as a matter of law* to deny said petition.

It therefore follows that the superior court had no discretion to do otherwise and that, in granting the petition, it acted in excess of its jurisdiction.

---

[2]Code of Civil Procedure section 1086 provides: "The writ [of mandate] must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested."

■ Here, the result of the lower court's order is to require both parties to go through another arbitration hearing and then, in the event of an award contrary to the original award, another proceeding in superior court to vacate such second award, followed by an appeal in the event the superior court, contrary to our view of the law, should rule that the first award was not binding upon the parties.

■ The following language, found in 3 Witkin, California Procedure (1954) page 2541, is applicable here: "Where there is no direct appeal from a court's adverse ruling, and the aggrieved party would be compelled to go through a trial and appeal from a final judgment, the unreasonableness of the delay and expense is apparent. As in prohibition, the remedy by appeal is usually deemed inadequate in these situations, and mandamus is allowed."

In *State Farm etc. Ins. Co.* v. *Superior Court* (1956) 47 Cal.2d 428 [304 P.2d 13], the superior court made an order consolidating two cases for trial. The Supreme Court concluded that, under the circumstances therein, "the trial court abused its discretion in ordering such consolidation." A writ of mandate was ordered to be issued, directing the lower court to set asides its order and sever the cases for trial.

The basis of the decision is stated as follows: "Mandate lies to control judicial discretion when that discretion has been abused. [Citations.] 'In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered.' (*Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 453].) An order of consolidation is not appealable (Code Civ. Proc., § 963) but is reviewable only upon appeal from a subsequent judgment, which remedy would not be adequate under the circumstances above reviewed. [Citations.]" (47 Cal.2d at p. 432.)

The court in *Daum* v. *Superior Court* (1964) 228 Cal.App. 2d 283 [39 Cal.Rptr. 443], in ordering the issuance of a writ of mandate directing the trial court to set aside a certain nonappealable order, stated: "Case law has established that mandate will lie, *inter alia,* to control judicial discretion when that discretion is abused. . . ." (P. 286.)

■ We are fully aware that mandamus is an extraordinary remedy. However, we think that the situation presented here clearly calls for its use by us.

Let a peremptory writ of mandate issue directing the trial

court (1) to set aside its order vacating the arbitration award and then (2) to deny the insured's petition to vacate said award.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was deemed denied August 14, 1967, pursuant to Rule 27(e), California Rules of Court. The petition of the real party in interest for a hearing by the Supreme Court was denied September 7, 1967.