[Civ. No. 31276. Second Dist., Div. Five. June 11, 1968.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Respondent, v. VALERIE ORLANDO, Defendant and Appellant.

860

A. Brian Weinberg and Edward L. Lascher for Defendant and Appellant.

Dougherty, Hansen, Moore & Finley and Henry E. Kappler for Plaintiff and Respondent.

AISO, J. pro tem.*—In a declaratory relief action, the trial court entered a judgment in favor of plaintiff Allstate Insurance Company, a corporation, and against defendant Valerie Orlando declaring that she had no right to recover under the uninsured motorist clause of her father's automobile insurance policy because of her failure to file a timely demand for arbitration under section 11580.2, subdivision (h), of the Insurance Code.[1] She appeals from the judgment.

The issues are: (1) Do the provisions of section 11580.2,

---

*Assigned by the Chairman of the Judicial Council.

[1] Action against the uninsured motorist likewise had not been filed until more than one year had elapsed from the date of the accident. No agreement as to amount due under the policy had been reached.

subdivision (h) (hereafter section "h") apply to a minor's claim upon a policy issued prior to the effective date of said section where the accident occurred after the effective date of the statute? (2) Does the arbitration award constitute a bar to the judicial determination of the first issue?

We have concluded that the first question should be answered, "yes" and the second question, "no" for the reasons shortly to be stated.

### FACTUAL AND PROCEDURAL BACKGROUND

The material facts are not in dispute.[2] In July of 1961, plaintiff Allstate Insurance Company, a corporation, (hereafter Allstate), issued an automobile public liability insurance policy to Vincent Orlando, the father of the defendant Valerie Orlando (hereafter Valerie). It contained an uninsured motorist's clause. At the time the policy was delivered to Vincent Orlando, neither section 11580.2 nor the policy specified time limitations within which the insured had to act. Section "h"[3] was added by a statutory amendment,[4] which became effective September 15, 1961.

On December 20, 1961, Valerie, then 18 years of age (born August 27, 1943) was injured in an automobile accident involving an uninsured motorist. Valerie's status as an insured under her father's policy is conceded.

On October 24, 1962, her attorney wrote to Allstate informing it that he represented the Orlandos and that he was thereby presenting their claim under the uninsured motorist clause of Vincent Orlando's policy. He, however, did not file Valerie's action against the uninsured motorist in the superior court until January 4, 1963 and did not make on her behalf a "Demand for Arbitration" until March 27, 1964.

On July 20, 1964, Allstate filed this action for declaratory relief seeking a judicial determination that no cause of action accrued in favor of Valerie because of her failure to demand an arbitration within the period prescribed by section "h."

---

[2] In their briefs, the parties dispute whether Allstate attended the pretrial conference, but that question is not material to the issues raised on this appeal.

[3] Insurance Code section 11580.2, subdivision (h): [Prerequisites to suit.] No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of accident: (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (2) Agreement as to the amount due under the policy has been concluded, or (3) The insured has formally instituted arbitration proceedings."

[4] Stats. 1961, ch. 1189, § 2, p. 2921.

The complaint also sought preliminary and permanent injunction to restrain Valerie from proceeding to arbitration. Valerie's answer was filed November 12, 1964.

The date set for the arbitration hearing was February 8, 1965. By letter dated January 20, 1965, the American Arbitration Association notified Allstate that the arbitration proceedings would not be abated by the pending declaratory relief action unless both parties filed a joint request for abatement. Valerie's counsel refused to join in such request.

On February 2, 1965, Allstate obtained an order to show cause directed to Valerie to show cause on February 5, 1965, why a "temporary injunction" against her proceeding to arbitration on February 8, 1965, should not issue. On February 5, 1965, a hearing was held, the application for preliminary injunction denied, and the order to show cause discharged. Allstate did not appeal from this order of denial.

Arbitration was finally commenced on April 20, 1965.[5] At the threshold of the arbitration hearings, Allstate raised the objection that the arbitrator had no authority to arbitrate because of Valerie's failure to demand arbitration within one year from the date of her accident as required by section "h." The arbitrator advised Valerie's counsel that in view of *Aetna Cas. & Surety Co.* v. *Superior Court* (1965) 233 Cal. App.2d 333 [43 Cal.Rptr. 476], it might be well to postpone the arbitration proceedings and proceed first with the declaratory relief action in the superior court. Valerie's counsel, however, urged that the arbitration hearings continue. Thereupon, the arbitrator reserved ruling and the hearings continued with Allstate registering an objection and stating that its continued participation was not to be construed as an abandonment of its objection to jurisdiction.

The arbitrator rendered his award on June 8, 1965, finding that he had jurisdiction to determine the issue of the "statute of limitations," that Valerie's claim was not barred by the "statute of limitations" and that she was entitled to recover $4,200 from Allstate.[6]

On June 28, 1965, Allstate moved (petitioned) the superior

---

[5]Postponements to this date from February 8th were to accommodate Allstate's counsel, who had conflicting engagements.

[6]Award of Arbitrator Arnold H. Kessler, reads in pertinent part:
"I, THE UNDERSIGNED ARBITRATOR . . . FIND:
"(1) Counsel for ALLSTATE INSURANCE COMPANY conceded at the Oral Hearing that VALERIE ORLANDO is legally entitled to recover damages, subject to ALLSTATE INSURANCE COMPANY'S contentions; (a) that VALERIE ORLANDO was barred from recovering damages by

court for an order vacating the award. On July 28, 1965, Valerie filed a cross-motion for an order confirming the award.

On August 19, 1965, the superior court made the following minute order.

| | |
|---|---|
| "Motion of Valerie Orlando for order confirming Arbitration Award (second call) | Motion to confirm award denied without prejudice to renewal of of motion after determination of limitation issue. |
| "Motion of petitioner for order to vacate Award of Arbitrator (fourth call) | Motion to vacate award granted in respect of paragraphs (1) and (2) only, on the ground that the arbitrator did not have jurisdiction to determine the limitation issue. (*Aetna Casualty Insurance Co.* vs. *Superior Court*, 233 A.C.A. 389) Motion otherwise denied without prejudice to renewal thereof after determination of limitation issue. . . ." |

Valerie did not appeal from this order or any part thereof.

This action for declaratory relief was tried to a court on December 28 and 29, 1965. Findings and conclusions of law were filed on February 3, 1966 and judgment was entered on February 7, 1966, declaring, "Defendant's cause of action was extinguished December 21, 1962 under Paragraph (h) of Section 11580.2 of the Insurance Code in that neither arbitration proceedings were instituted or suit filed on or before that date." Finding No. 6 was: "The Court duly granted plaintiff's motion to vacate said award." Conclusion No. 6 was: "The arbitration proceedings held at the American Arbitration Association had no force and effect and the assumption of

reason of paragraph (h) of Section 11580.2 of the Insurance Code of California; and, (b) that the Arbitrator did not have jurisdiction to make a determination upon the issue of the Statute of Limitations. "(2) The Arbitrator finds as follows: (a) That he does have jurisdiction to determine the issue of the Statute of Limitations; and, (b) VALERIE ORLANDO was not barred from recovering damages by the Statute of Limitations.

"I, THE ARBITRATOR, therefore AWARD as follows: "(A) ALLSTATE INSURANCE COMPANY, hereinafter sometimes referred to as ALLSTATE, shall pay to VALERIE ORLANDO the sum of FOUR THOUSAND TWO HUNDRED DOLLARS ($4,200.00), as general and special damages."

jurisdiction by the arbitrator to adjudicate the Statute of Limitations issue was an idle act that had no force or effect."

## No Cause of Action Accrued

██ Provisions of section "h," effective September 15, 1961, may be constitutionally applied to claims arising out of accidents which occurred prior to said effective date under policies issued likewise before said effective date by calculating the one-year period from September 15, 1961. (*Pacific Indemnity Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63, 70 [54 Cal.Rptr. 470], hearing denied by Supreme Court; *Niagara Fire Ins. Co.* v. *Cole* (1965) 235 Cal.App.2d 40, 43-44 [44 Cal.Rptr. 889].) As to claims arising out of accidents occurring subsequent to that date made under a policy issued prior to the effective date of section "h," the section can be constitutionally applied by calculating the one-year period from the date of the accident. (*Key Ins. Exchange* v. *Biagini* (1967) 250 Cal.App.2d 143, 147-148 [58 Cal.Rptr. 408], hearing denied by Supreme Court.)

Neither in the *Key Ins. Exchange* case nor in *Niagara Fire Ins. Co.* v. *Cole, supra,* 235 Cal.App.2d 40, did the policy specify the period within which arbitration was required to be instituted. This was stressed by the appellant in the *Niagara* case in her counsel's opening brief, but apparently rejected by the court. The uninsured motorist clause was not inserted voluntarily by the insurer, but only because of the statutory injunction compelling its insertion in the policy. The very fact that the provision in the policy here involved was coterminous with the statutory requirement, as we shall shortly point out, indicates an intent of the issuer of the policy not to go beyond the statutory requirements. Moreover, in absence of a specified time for performance in the policy, a reasonable period of time can be read into the policy, And the one-year period of time has been held to be a reasonable period of time. (*Pacific Indemnity Co.* v. *Superior Court* (1966) *supra,* 246 Cal.App.2d 63, 70.)

The rationale of these holdings as to constitutional applications of section "h" would not appear to be affected whether we characterize the time limitation as a condition precedent to perfecting the accrual of a right or a statute of limitations. (*Firemen's Ins. Co. of Newark, N.J.* v. *Diskin* (1967) 255 Cal.App.2d 502 [63 Cal.Rptr. 177].) A reasonable period of time in which to perfect an inchoate or potential cause of action is granted in either case. There is no unconstitutional impairment of a contractual obligation (*City of El Paso* v.

*Simmons* (1965) 379 U.S. 497, 508-509, 515 [13 L.Ed.2d 446, 454-455, 458, 85 S.Ct. 577]; *Rand* v. *Bossen* (1945) 27 Cal.2d 61, 65 [162 P.2d 457].)

■ In the recent case of *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 C.2d 599, 605 [68 Cal.Rptr. 297, 440 P.2d 497], our Supreme Court stated, "Insurance Code section 11580.2, subdivision (h) . . . creates a condition for the preservation of a potential cause of action under an insurance policy and does not fix the time for instituting a civil suit against the insurer after a cause of action has accrued."

The cases holding that the one-year period prescribed by section "h" within which to file a suit or a demand for arbitration to preserve the potential cause of action applies to minors as well as to adults, therefore, still stand unaffected by *Williams supra*. (See e.g. *Republic Indemnity Co.* v. *Barn Furniture Mart, Inc.* (1967) 248 Cal.App.2d 517 [56 Cal. Rptr. 609]; *Pacific Indemnity Co.* v. *Superior Court* (1966) *supra*, 246 Cal.App.2d 63, 70-72; *State Farm etc. Ins. Co.* v. *Superior Court* (1965) 232 Cal.App.2d 808 [43 Cal.Rptr. 209]; *Firemen's Ins. Co. of Newark, N.J.* v. *Diskin* (1967), *supra*, 255 Cal.App.2d 502, 508 (dictum).)

Defendant Valerie had active representation of counsel from the very date of her accident on December 20, 1961, which date was more than three months after section "h" came into force on September 15, 1961. Action against the uninsured motorist was not filed until January 4, 1963. The demand for arbitration was not made until March 27, 1964. Having failed to comply with section "h," no cause of action under the uninsured motorist clause of her father's policy accrued to her.

### ARBITRATION PROCEEDINGS NO BAR TO MAINTENANCE OF THIS ACTION

■ The agreement to arbitrate under the uninsured motorist coverage of the policy in question was one which was coterminous with the requirements of section 11580.2, subdivision (e), of the Insurance Code.[7] Under such a provision,

---

[7] Insurance Code section 11580.2 provides in part: "(e) The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. . . ."

there is no agreement to submit the issue of the legal applicability of section "h" to the arbitrator for determination. In *Key Ins. Exchange* v. *Biagini* (1967), *supra,* 250 Cal.App.2d 143, 147 in which hearing was denied by the Supreme Court, the court said: "We recognize, of course, that an arbitration agreement may by its express terms confer upon the arbitrator 'the unusual power of determining his own jurisdiction. . . .'" (Citation.) However, '[i]n the absence of a clear showing of such intent [to do so] that question continues in its normal abiding place, the court forum.' (Citations.) There was no such 'clear showing' in the instant case.

"We have concluded that the proper forum for the determination of the issue under discussion was the superior court." The arbitration award was invalid because the arbitrator in deciding the legal issue of his jurisdiction to determine the "statute of limitations" issue exceeded his powers. (Code Civ. Proc., § 1286.2.) Whether the demand for arbitration was timely made is material not only to whether a cause of action accrued in favor of Valerie, but also as to whether the arbitration procedure itself was invoked in time to invest the arbitrator with jurisdiction to arbitrate. (*Aetna Cas. & Surety Co.* v. *Superior Court* (1965), *supra,* 233 Cal.App.2d 333, 339.)

The defendant's reliance upon *Fidelity & Cas. Co.* v. *Dennis* (1964) 229 Cal.App.2d 541 [40 Cal.Rptr. 418] is misplaced. The court there found an implied submission, albeit a grudging one, of the jurisdictional issue to the arbitrator. This case is distinguishable upon the facts; here no implied submission has been found by the trial court and there is no legal reason to disagree.

■ Furthermore in the posture in which this case comes to this court, there is no portion of the arbitrator's award pertaining to the legal effect of section "h" on Valerie's claim outstanding. The superior court's order of

---

The relevant portion of the policy provisions is:

"*Determination of legal liability and amount of damages*

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Section II [dealing with uninsured motorist coverage]."

August 19, 1965, which reads in part, "Motion to vacate award granted in respect of paragraphs (1) and (2) only, on the ground that the arbitrator did not have jurisdiction to determine the limitation issue. (*Aetna Cas. & Sur. Co.* v. *Superior Court,* 233 Cal.App.2d 333 [43 Cal.Rptr. 476]) Motion otherwise denied without prejudice to renewal thereof after determination of limitation issue" vacated paragraphs (1) and (2) of the award. This portion of the order was an appealable order. (Code Civ. Proc., §§ 1294, subd. (c), 1294.2; cf. *Film Technicians* v. *Color Corp. of America* (1956) 141 Cal.App.2d 553, 556 [297 P.2d 86].)

Failure to appeal from the portion of the order vacating unconditionally the portion of the award relating to the "statute of limitations" issue rendered it res judicata as to those issues. The finding of the trial court No. 6, "The Court duly granted plaintiff's motion to vacate said award" is correct. The issue of the validity of the order of vacation of August 19, 1965 was raised in the trial court. Plaintiff too has raised the validity of that order in this appeal. ■ A legal theory to sustain a judgment may be considered upon appeal even though it was not raised in the trial court as long as it does not raise factual issues not presented to the trial court. (*Ward* v. *Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534]; *Bernson* v. *Bowman* (1960) 182 Cal.App.2d 697, 706-707 [6 Cal.Rptr. 455]; *Folden* v. *Lobrovich* (1959) 171 Cal.App.2d 627, 630 [341 P.2d 368]; *American Auto Ins. Co.* v. *Seaboard Surety Co.* (1957) 155 Cal.App.2d 192, 200 [318 P.2d 84].) ■ The validity of the order of August 19, 1965 vacating the award is a question of law only.

Findings of fact were not required for the order of August 19, 1965. ■ Section 1291 of the Code of Civil Procedure should be read in the light of section 632 of the same code governing findings of fact in general. Findings are required by section 632 only "upon the trial of a question of fact." (2 Witkin, Cal. Procedure (1954), pp. 1833, 1834.) Where the issue is one of law only, findings of fact are not required. (*Estate of Schaetzel* (1941) 44 Cal.App.2d 320, 326 [112 P.2d 324].) The parties and the trial court also treated the petitions as motions. ■ Generally, a motion does not require findings of fact. (*Waymire* v. *California Trona Co.* (1917) 176 Cal. 395, 399-400 [168 P. 563]; *Ross* v. *Ross* (1962) 200 Cal.App.2d 229, 231 [19 Cal.Rptr. 271]; *Perez* v. *Perez* (1952) 111 Cal.App.2d 827, 829-830 [245 P.2d 344]; *Parker* v. *Parker* (1951) 107 Cal.App.2d 215, 217 [236 P.2d 828]; *Wood*

v. *Peterson Farms Co.* (1933) 132 Cal.App. 233, 234-235 [22 P.2d 565].)

Allstate's failure to appeal from the order of February 5, 1965, denying its motion for a temporary injunction adds nothing to defendant's case. A preliminary injunction was sought only as a provisional or ancillary remedy to its action for declaratory relief and a permanent injunction enjoining Valerie from proceeding to arbitration. (See, 1 Witkin, Cal. Procedure (1954), p. 856.) ▉ "It is elementary that the ultimate rights of the parties are not determined in connection with an application for preliminary injunction." (*Paul* v. *Allied Dairymen, Inc.*, (1962) 209 Cal.App.2d 112, 121 [25 Cal.Rptr. 595]; also see 27 Cal.Jur.2d, Injunctions, § 10, p. 114 Cal. Civ. Proc. Before Trial (Cont. Ed. Bar 1957), p. 600 and cases there cited.) Hence, an appeal from an order denying a "temporary injunction" is not always a fruitful course of action. (*Fitzpatrick Chevrolet, Inc.* v. *Roark* (1962) 205 Cal.App.2d 240, 241 [23 Cal.Rptr. 124].) In the recent case of *American Ins.* v. *Gernand*, 2d Civ. 31318 (May 20, 1968), *ante*, p. 300 [68 Cal.Rptr. 810] it was expressly held that failure to appeal an order granting a preliminary injunction prohibiting the arbitration of an issue in an uninsured motorist case, does not preclude a review of the subject matter of such pendente lite order upon appeal from the judgment.

There was thus no bar to the trial court in this declaratory relief action dealing with the whole case, including determination of the applicability of section "h" to a minor left open by the August 19, 1965 order, upon the stipulated facts, documentary evidence, and the applicable rules of law.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied July 9, 1968, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied August 8, 1968. Peters, J., was of the opinion that the petition should be granted.