[Civ. No. 58785. Second Dist., Div. Three. Nov. 4, 1980.]

WALTER E. HELLER WESTERN, INCORPORATED, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
EYE ENCOUNTER et al., Real Parties in Interest.

COUNSEL

Levy, Leipziger & Norminton, Charles M. Levy, Dan S. Schechter, Joel J. Berman and Peter C. Bronson for Petitioner.

No appearance for Respondent.

Davis & Killian, L. Whitney Clayton and Elizabeth B. Anderson for Real Parties in Interest.

**O**PINION

**COBEY, Acting P. J.**—On May 30, 1980, this court, pursuant to an order of the Supreme Court of California directing it to do so, issued an alternative writ of mandate commanding respondent herein, the Los Angeles County Superior Court, either to vacate its order of February 22, 1980, granting the application of Arizona Attorney Leo Beus to appear as counsel *pro hac vice* in the underlying action, Eye Encounter, et al. v. Walter E. Heller Western Incorporated, et al. (Heller), numbered 286803, in respondent court or show cause before us why a peremptory writ of mandate commanding such conduct on respondent's part should not issue. Respondent court has not vacated its challenged order and the propriety of that order has now been argued to us both orally and in writing. For the reasons set forth below, we decline to issue the peremptory writ of mandate.

FACTS

In March 1977 Beus represented three individuals by the names of Skeen, Smith and Nosler at a meeting in Santa Ana, California, to consider whether a Florida corporation controlled by them should purchase all of the outstanding stock of Eye Encounter, a California corporation located in Santa Ana, California, from its three stockholders. At this meeting Attorney Alekel represented the prospective sellers and Beus, the prospective buyers. At least two of the latter were present.[1] The meeting culminated in a written, later prepared, buy-sell agreement in the negotiation and drafting of which both attorneys participated. A short time later Beus again represented the same clients in their purchase from the just-mentioned sellers of the sellers' option to repurchase some of this stock.

According to Beus' application for admission to the State Bar of California *pro hac vice* in the underlying action only, Beus generally represents Eye Encounter and the remaining plaintiffs, although he practices law as a partner in the prominent Phoenix, Arizona law firm of Jennings, Strouss & Salmon and lives in Phoenix.[2]

---

[1] In his deposition, Beus named those present and did not include Nosler. Alekel stated in his deposition that Nosler was present but that he did not recall Smith being there. Skeen, however, stated in his deposition that he, Smith and Nosler took part in the meeting.

[2] We judicially notice that this firm has an "a.v." rating in the 1 Martindale-Hubbell Directory (1980) and that Beus has a "b.v." rating therein (pp. 104, 115).

## DISCUSSION

Rule 983(a) of the California Rules of Court, since its adoption on September 13, 1972, has always provided: "A person who is not a member of the State Bar of California but who is a member in good standing of and eligible to practice before the bar of any United States court or the highest court in any state, territory or insular possession of the United States, and who has been retained to appear in a particular cause pending in a court of this state, may in the discretion of such court be permitted upon written application to appear as counsel pro hac vice, provided that an active member of the State Bar of California is associated as attorney of record. No person is eligible to appear as counsel pro hac vice pursuant to this rule if (1) he is a resident of the State of California..., or (3) he is regularly engaged in substantial business, professional, or other activities in the State of California. Absent special circumstances, repeated appearances by any person pursuant to this rule shall be a cause for denial of an application."[3] Petitioner, Heller, a defendant in the underlying action, brought by Eye Encounter, among others, opposes the application of the already-mentioned Arizona attorney, Leo Beus, for permission to appear therein as counsel for plaintiffs *pro hac vice* on the grounds that (1) Beus is regularly engaged in substantial business and professional activity in the State of California; (2) he has made repeated appearances pursuant to this rule; and (3) he lacks the good moral character required for permanent admission of out-of-state attorneys to the State Bar of California. (See Bus. & Prof. Code, § 6062.)

Petitioner's third ground of opposition is without merit. Under rule 983(c), "a person permitted to appear as counsel *pro hac vice* pursuant to this rule shall be subject to the jurisdiction of the courts of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of The State Bar of California." The conduct of Beus that petitioner relies upon as being sufficient in itself to deny Beus' application for permission to appear in the underlying action as counsel *pro hac vice* all occurred prior to such admission of Beus since the question whether he should have been admitted is still pending by reason of this writ proceeding. Consequently, this conduct by Beus is irrelevant under the rule.[4]

---

[3]The first ground of ineligibility stated in the rule obviously does not apply in this case.

[4]We note further that under the subdivision of the rule here applicable (subd. (a)) all

We turn to petitioner's two remaining grounds, both of which are stated in the rule as separate and distinct grounds of ineligibility thereunder. As regards one of these grounds, repeated appearances pursuant to the rule, we choose not to invoke it in this case because the record shows without dispute that Beus to date has made only one other appearance under this rule.

This leaves as the only possible ground of ineligibility of Beus under the rule the fact that he is regularly engaged in substantial business, professional or other activity in the State of California. Petitioner, through discovery, has produced evidence that Beus has represented, and may well still be representing, Eye Encounter in at least 16 disputes with third parties and that in the course of such representation he has made some 5 trips to California to attend a court hearing, and a deposition, to give his own deposition herein and to participate in settlement conferences. Aside from these trips to California, however, Beus' general representation of Eye Encounter in these matters has been handled by him exclusively through telephone calls to and from his Phoenix law office and by correspondence originating or received there, including at least five extensions of time in which to plead.

In addition, Beus made one trip to California to obtain title insurance on certain real property put up as collateral by those purchasing stock in a corporation other than Eye Encounter from Skeen, Smith and Nosler. Beus also attended management meetings in California of Eye Encounter and another corporation. In fact Eye Encounter reimbursed Beus' law firm for the expenses of some 11 trips to California between April 1977 and March 1980, and in April 1979 paid him $15,000 essentially for his services to it.

At oral argument of this matter on August 20, 1980, the author of this opinion indicated that in his personal opinion the professional activities of Beus in Phoenix in the representation of his California clients, including particularly Eye Encounter, by telephone and by correspondence, were not activities "in the State of California" within the meaning of rule 983(a). Counsel for petitioner expressed surprise at this interpretation of the rule and requested permission to brief the question. We thereupon deferred submission of this case for 40 days in order to allow the preparation of appropriate supplemental briefs by petitioner

---

that is required of Beus by way of professional reputation is that he be a member in good standing of the Arizona Bar—a status of his which is undisputed.

and the real party in interest, Eye Encounter, upon this question. Such briefs have now been filed and have been duly considered.

Petitioner argues in its specially authorized supplemental brief that Beus' professional activities in Arizona in furtherance of his practice for his California clients should be regarded under rule 983(a) as having occurred in California because such activities would have been so regarded for the purpose of a California court's jurisdiction over Beus' person, for the choice of California law if Beus had been sued for malpractice with respect to these activities and, finally, in any defamation action against Beus based on these activities.

■ We may assume, for sake of discussion only, that what petitioner argues in these respects is the law, but we do not see how such law helps us in deciding how the words "activities in the State of California" in rule 983(a) should be construed. These words interpreted in an ordinary common sense fashion would seem to require that the activities of Beus covered by the rule be performed by him in California and not elsewhere.[5] We so interpret these words. (Cf. Civ. Code, § 1644; *County of Los Angeles* v. *Frisbie* (1942) 19 Cal.2d 634, 642 [122 P.2d 526].)

■ Nevertheless, we regard the question as to whether the aforestated activities by Beus in California, in the course of his general representation of Eye Encounter and its three stockholders over an approximately three-year period, constituted his regularly engaging in substantial activity in California within the meaning of rule 983(a) as being fairly close and one which the trial court therefore could have properly resolved either way. In other words, we think that the trial court quite properly could have determined Beus to be ineligible for the special limited admission he sought, but it did not do so and we cannot say on the record before us that its determination was so arbitrary, capricious and beyond the bounds of reason as to constitute an abuse of its discretion under rule 983(a). (Cf. *Martin* v. *Cook* (1977) 68 Cal. App.3d 799, 807 [137 Cal.Rptr. 434]; see *National Union Fire Ins. Co.* v. *Superior Court* (1967) 252 Cal.App.2d 568, 574 [60 Cal.Rptr. 535].)

---

[5]This is not a proceeding to determine whether Beus has been engaged in the unauthorized practice of law in California. We therefore deem any discussion of such law irrelevant.

## DISPOSITION

The alternative writ of mandate heretofore issued herein is discharged. The issuance of a peremptory writ of mandate herein is denied.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied November 26, 1980, and petitioner's application for a hearing by the Supreme Court was denied December 30, 1980. Mosk, J., was of the opinion that the application should be granted.