[Civ. No. 8906. Second Appellate District, Division One.—February 18, 1935.]

INGRID B. GUSTAFSON et al., Respondents, v. HARRY BLUNK et al., Appellants.

Lasher B. Gallagher for Appellants.

William Christensen and Wm. H. Wilson for Respondents.

ROTH, J., *pro tem.*—Respondents are the wife and children of one David Gustafson, deceased. Deceased and an automobile operated by appellants collided as a result of which deceased was instantly killed.

The action was tried by the court sitting without a jury. Since judgment was rendered in favor of plaintiffs—respondents here—it is apparent that the trial court viewed the evidence as to how the collision occurred most favorably to the respondents. There is little conflict as to the salient features of the evidence. The record shows that the deceased, a man seventy-four years old, in normal health and of normal eyesight and hearing, on November 13, 1931, at approximately 7 o'clock P. M. was walking from west to east across Atlantic Boulevard at its intersection with Bell Avenue in the city of Bell, county of Los Angeles. He reached a point at or near the center line of Atlantic Boulevard when the left front fender of a Buick coupe traveling in a northerly direction and driven by appellant Harry Blunk at approximately thirty-five miles per hour, struck him and threw him onto the left front fender, from which place his body was hurled in a southerly direction striking and shattering the left wind-wing and the glass of the left side door, and making an appreciable dent in the left side door panel and post. The evidence shows no damage to the bumper, lights, radiator or hood of the automobile. The deceased fell to the left, and when his body was picked up approximately forty feet from the place of impact, his head was lying on the white center line of Atlantic Boulevard, and the balance of his body east of the white center line. Subsequent examination of the deceased showed that all the injuries he received were on the right side of the body and that there were no injuries below the knees. There were no broken bones, except that the right side of the skull at or near the right temple or right parietal region was fractured. The driver of the Buick testified he did not see the deceased and that the deceased was not within range of his headlights. An eye-witness, after stating that the Buick in question passed him "pretty fast", testified that as the deceased approached the center line of Atlantic Boulevard he "seemed to hesitate, and no more than that then the Buick struck him and

threw his feet up over his head". The same witness testified he had a conversation with Blunk and asked him "how he came to hit the old man", to which Blunk responded: "I didn't see him". As already suggested, this statement was subsequently verified by Blunk's own testimony. The street was well lighted and the visibility good. Two other motorists testified they saw deceased from a distance approximately one hundred fifty feet south of the point of impact. There is no testimony that the deceased at any time crossed the white line which marked the center of the street. Defendant Blunk testified he was driving on the right side of the road about midway between the curb and the white center line, and that he drove along in that position without turning to the right or left at any time before the collision. There is no contention that Blunk was blinded by approaching headlights, or that his vision was in any way obstructed. The trial court found as a fact that the appellants "so carelessly and negligently drove and operated the . . . automobile as to . . . run into and against and to collide with" the deceased.

We feel that the trial court was justified in concluding from the evidence thus summarized, as it obviously did, that the deceased either walking slowly to the center line or stopping on the center line, and thus moving slowly to the center line or waiting on the center line for traffic moving from the south to the north to pass, was not negligent, and that the defendant Blunk as a reasonably prudent and careful driver should have seen deceased and avoided him; and that there was therefore no negligence on the part of the deceased, and that the accident was caused by the sole, direct and proximate negligence of appellant Blunk.

Our conclusion to this effect disposes of appellants' points that the evidence does not support the findings of the court with reference to their liability and responsibility for the accident, as well as the contention of appellants that the deceased was guilty of negligence as a matter of law.

Appellants pleaded contributory negligence as an affirmative defense; the court made no finding on this issue, and it is now contended that the judgment must be reversed for this reason. Generally speaking, a court when findings are not waived must find on all material issues. Contributory negligence, is, of course, a material issue (*Cargnani* v.

*Cargnani,* 16 Cal. App. 96 [116 Pac. 306]), and a finding thereon should have been made.

To cure this omission the court, assuming to proceed under section 662 of the Code of Civil Procedure, made an order changing and adding to the findings so as to make them conform to the proof, and the findings as so changed and added to specifically declare that the deceased was not guilty of contributory negligence. The order, however, was invalid, as it was made after the expiration of the sixty-day period within which a trial court can act upon a motion for a new trial. In view of the record, however, this error is not fatal.

■ Appellants' plea of contributory negligence is based upon their conclusion from the facts which have been summarized and which comprise all of the important facts, that decedent walked into the automobile and was not hit by the automobile as the trial court found. Other than inferences which might be drawn from the facts summarized, there is no evidence that the decedent was negligent in any respect and there is no testimony that he walked into the side of the automobile. The testimony of one eye-witness was directly to the effect that he was hit by the front of the automobile and his legs thrown over his head. Harry Blunk, who drove the car, testified: "the first thing I knew that I had hit anything was that it (the left wind-wing) all splintered, and it flew in my face . . . " The same witness testified when his attention was called to a dent on the top front fender, that it was not there before the accident. These facts testified to by the driver of the automobile impel the almost inescapable conclusion that the decedent was hit by the left front fender, but that the original collision was brought to the attention of the driver when the body of the deceased hurtled through the air, struck the left wind-wing and shattered glass in his face. There is no testimony indicating whether decedent stopped, looked and listened before leaving the sidewalk, or whether he looked, as he walked toward the white line that marked the center of the street, to his right or his left. There is no testimony that he took as much as one step east of the center line. There is testimony that he walked up to the center line and never got beyond it. The fact that his head was on the center line and his body east of the same, at

the point in the street where the body was finally deposited after having been carried a minimum of forty feet, would not justify a conclusion that he did get east of the center line before he was hit. The language of the court in the case of *Tieman* v. *Red Top Cab Co.*, 117 Cal. App. 40, 45 [3 Pac. (2d) 381], is peculiarly appropriate: "There is no direct testimony as to whether decedent looked before leaving the sidewalk, although his stopping would support an inference that he knew the taxicab was approaching. In the absence of contrary evidence, it.must be presumed that he used ordinary care for his own safety and that, in so doing, he looked."

This evidence supports a finding that the deceased was not guilty of contributory negligence or any negligence which contributed directly to the collision or was a proximate cause thereof, and that the negligence of the appellant Blunk was the sole, direct and proximate cause of the collision and the injuries which ensued. ■ Under the authority vested in this court by section 4¾ of article VI of the Constitution, and by section 956a of the Code of Civil Procedure, as interpreted in *Tupman* v. *Haberkern,* 208 Cal. 256 [280 Pac. 970], we have the right and the obligation, under appropriate evidence, to make this finding when it is necessary to an affirmance of the judgment, and we do so find and hereby amend the findings to that effect. It is therefore unnecessary to reverse the judgment because of the failure of the trial court to find on the issue of contributory negligence. (See, also, *City of Pasadena* v. *Estrin,* 212 Cal. 231, 236 [298 Pac. 14]; 1932 Supp. Cal. Jur., Appeal and Error, 588 [a].)

■ The findings are further attacked in that the trial court found that the respondents were damaged, but did not say how much. The conclusions of law, however, set forth specifically the amount of damages. It is well settled that the requirements of the statute that findings of fact and conclusions of law shall be separately stated are merely directory. If, therefore, correct findings of fact and conclusions of law are made, they will be construed in their true character irrespective of the classification in which they may be included.

If matter is set forth as a conclusion of law but should properly have been set forth as a finding of fact, it will

nevertheless be construed as a finding of fact. The case of *Linberg* v. *Stanto,* 211 Cal. 771 [297 Pac. 9, 11, 75 A. L. R. 555], is on all-fours as to this proposition with the facts in the instant case. In the Linberg case the court says at page 776 [211 Cal.]: ''The alleged conclusion of law was of itself a finding as to plaintiff's damages. It is well settled, in spite of the fact that section 633 of the Code of Civil Procedure provides that facts and conclusions must be separately stated, that a finding may be regarded as one of fact, although mistakenly placed among the conclusions of law. (24 Cal. Jur., p. 960, sec. 199.) We think that is the situation here.

''Moreover, if the findings are deficient in this respect, this court since the addition in 1927 . . . of section 956a to the Code of Civil Procedure has the power in a proper case to make new or additional findings in support of the judgment of the lower court. . . . '' (See, also, *Warden* v. *Stoll,* 210 Cal. 374, 376 [91 Pac. 835].) We feel, however, that the finding of fact erroneously classified as a conclusion of law is sufficient as a finding of fact, and that it is not necessary to make any other finding in this regard. (*Butler* v. *Agnew,* 9 Cal. App. 327 [99 Pac. 395]; *Jessen* v. *Peterson, Nelson & Co.,* 18 Cal. App. 349 [123 Pac. 219]; *Roloff* v. *Hundeby,* 105 Cal. App. 645 [288 Pac. 702].)

There is ample evidence in the record showing loss of service to the wife and the other heirs at law of the deceased to sustain the judgment of the court that the pecuniary value thereof was $4,000. There is no merit to the point appellants raise on this issue.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 19, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.