[Civ. No. 34936. Second Dist., Div. Four. May 26, 1970.]

TRI-COR, INC., Plaintiff and Appellant, v.
CITY OF HAWTHORNE, Defendant and Respondent.

**COUNSEL**

Lucas & Deukmejian and Campbell M. Lucas for Plaintiff and Appellant.

John Lynch, City Attorney, Brown & Brown and Maynard J. Brown for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—This is an appeal from an order denying a petition to order arbitration and to stay proceedings in a pending lawsuit until the termination of such arbitration. For the reasons set forth below, we affirm the order.

Plaintiff Tri-Cor, Inc., and defendant City of Hawthorne had entered into a contract for the construction by plaintiff of an airport administration building. The contract did not contain an arbitration clause. Construction was delayed and plaintiff brought an action in declaratory relief, alleging that the delay was due to the fault of the city and of certain subcontractors, and seeking a declaration of rights and a money judgment. The city filed an answer and a cross-complaint, alleging that the delay was due to the fault of plaintiff and alleging damages to the city from that delay. Plaintiff thereafter filed a petition to stay the litigation and for arbitration. The trial court denied the petition; plaintiff has appealed; we affirm.

After the plaintiff's action was commenced the parties discussed the possibility of arbitration. Mr. Keel, the city attorney of defendant city, and Mr. Lucas, plaintiff's attorney, agreed on the telephone that the dispute would be submitted to arbitration and that the subcontractors could join. On August 7, 1968, Mr. Keel, the city attorney, wrote a letter to Mr. Lucas agreeing to arbitration. On August 9, 1968, Mr. Lucas replied by letter agreeing that the dispute should be heard by a panel of three arbitrators.[1]

For about one month, Mr. Keel was on vacation; thereafter, Mr. Lucas telephoned Mr. Keel on September 16, 1968, to arrange for submission of the arbitration agreement. Mr. Keel said that the City of Hawthorne had

---

[1]The text of the two letters appears in the appendix to this opinion. [See pp. 140, 141, *infra.*]

retained associate counsel, Brown & Brown, to assist in arbitration, and Brown & Brown would contact Mr. Lucas. After waiting 11 days, Mr. Lucas again called Mr. Keel, who assured Mr. Lucas that contact would be made. After 11 days Mr. Lucas called Mr. Brown who said he would not be able to participate in arbitration proceedings until February 1969. At the request of Mr. Brown, Mr. Lucas agreed to prepare the submission agreement which was to be submitted to the American Arbitration Association. Plaintiff prepared the submission, plaintiff signed it, and mailed it to Mr. Brown. In a letter dated January 3, 1969, defendant refused to execute the agreement. Plaintiff's petition to compel defendant to arbitrate and to stay proceedings followed.

Although three subcontractors were named as defendants in the complaint, and one of them, J. Herman Co., Inc., had appeared and filed an answer and counterclaim, and although plaintiff sought to compel defendant to arbitrate with the three defendant subcontractors, defendant did not serve the three defendant subcontractors with notice of the proceedings. Also, the original exchange of letters between plaintiff's attorney and the City Attorney of Hawthorne do not mention the subcontractors.

The trial court denied planitiff's motions. Neither plaintiff nor defendant requested findings, and none were made.

I

Plaintiff's first contention is that when a trial court denies a petition to order arbitration, it is required to make findings of fact and conclusions of law, and that the failure to do so constituted reversible error.

The parties have discussed the provisions of section 1291 of the Code of Civil Procedure and of subdivision 1 of section 632 of that same code, plaintiff arguing that the effect of section 1291 is to require findings of fact in proceedings relating to arbitration, in spite of the provisions of section 632. So far as we can discover, only two cases[2] have considered the matter and both of them antedate the effective date of the 1968 revision of section 632 et seq. We need not pursue the inquiry in this case. As we point out below, there is no evidence which would have supported a finding in favor of plaintiff on one controlling issue in the case. Since the only finding that would have found support in the record would necessarily have been adverse to plaintiff, the absence of findings, even if required, is not here material.

[2]*Allstate Ins. Co.* v. *Orlando* (1968) 262 Cal.App.2d 858 [69 Cal.Rptr. 702]; *A. D. Hoppe Co.* v. *Fred Katz Constr. Co.* (1967) 249 Cal.App.2d 154, 158 [57 Cal.Rptr. 95, 25 A.L.R.3d 1162].

## II

■ Defendant argues that there was no agreement to arbitrate because Mr. Keel, the city attorney of defendant city, had no authority to bind the city to an arbitration agreement.

Clearly the record does not show any express authority to execute the agreement herein relied on. In fact, such evidence as there is tends to show the contrary. In a declaration filed in opposition to the petition, the city manager of defendant city stated: "That the City Council and the Mayor of the City of Hawthorne at no time took formal action at a City Council meeting to enter into an arbitration agreement with Tri-Cor Inc. All discussions prior to the date of the letter of August 7, 1968 sent by Mr. Keel, formerly the City Attorney, among the members of the City Council and the declarant and Mr. Keel was to the effect that the City of Hawthorne should explore the possibility of submitting its dispute with Tri-Cor Inc. to arbitration. Mr. Keel was directed to negotiate with Tri-Cor Inc. concerning the possibility of arbitration as a method of settling this dispute and he was to submit to the City Council for its approval any proposed agreement providing for arbitration. That the City Council has not approved any proposed agreement for arbitration."

If authority is to be found, it must be discovered in the general powers of Mr. Keel inherent in his office.

It is argued that an attorney retained to represent a municipal corporation in defending a law suit may, as a power inherent in that retainer, agree to submit issues therein involved to arbitration. But, for the reasons hereinafter stated, we do not reach that problem on the record before us.

■ The duties of a city attorney in a general law city such as defendant are specified by statute. (*People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636 [107 P.2d 388].) Those duties are now set forth, in very general terms, in sections 41801 to 41803.5 of the Government Code. The only provisions here pertinent are those contained in sections 41801 and 41803, which read as follows: Section 41801: "The city attorney shall advise the city officials in all legal matters pertaining to city business." Section 41803: "He shall perform other legal services required from time to time by the legislative body."

Under these statutes a city attorney of a general law city has no authority

to appear and defend a suit against the city until the legislative body of the city has authorized him so to do. ▮ In the case at bench, we do not have evidence of even that authority in Mr. Keel. We are not cited to any ordinance or resolution of the city council of defendant city either granting a general authority to appear and defend suits against the city, or granting a specific authority to act in the case herein involved. The only evidence in the record, again, is to the contrary. The answer to plaintiff's complaint in the declaratory relief action was not filed by Mr. Keel, or by anyone else purporting to hold the statutory office of city attorney. It was filed by an independent law firm—Brown & Brown, acting through Maynard J. Brown. This is the same law firm and the same attorney who appeared to oppose the petition to compel arbitration and who represent the city here.

On this record, absent any testimony that Mr. Keel, as city attorney or as an individual attorney, had ever been "required" by the city council of defendant city to become involved in any fashion in plaintiff's litigation, proof of his authority to bind the city by his letter above quoted is lacking. We note, of course, that that letter recites that Mr. Keel had authority from his "client" to submit the dispute to arbitration. But it is hornbook law that agency cannot be proved by the out-of-court declarations of the agent.

Plaintiff argues that the negotiations between its attorney and Mr. Keel, and the subsequent negotiations between plaintiff's attorney and Mr. Brown, estop the city from denying that Mr. Keel had had authority to execute the letter of August 7th. We can see in the facts as they appear in the record, which we have summarized above, nothing to rise to the dignity of an estoppel.

### III

▮ Since a written agreement to arbitrate is required under section 1281 of the Code of Civil Procedure, and since no such agreement binding on the city has been proved, it follows that the petition to compel an arbitration was properly denied on that ground. It is, therefore, unnecessary to consider the other arguments presented to us in support of the order.

The order appealed from is affirmed.

Files, P. J., and Jefferson, J., concurred.

**[APPENDIX]**

CITY OF HAWTHORNE 4460 W. 126 ST., HAWTHORNE, CALIFORNIA 9 250 *Phone:* 676-1181

August 7, 1968

Lucas & Deukmejian
Attorneys at Law
830 Edison Building
100 Long Beach Boulevard
Long Beach, California 90802

Attn: Campbell M. Lucas

RE: Tri-Cor, Inc., vs. City of Hawthorne, et al., No. 902466

Dear Mr. Lucas:

This letter will confirm our telephone conversation of Tuesday, August 6, 1968, regarding the above referenced matter. Pursuant thereto, it is my understanding that we have agreed, based upon authority from our respective clients, to submit said matter to arbitration by the American Arbitration Association and that the maximum amount of potential recovery based upon all of your clients' claims will be limited to the amount of the so called summary claim which is in the sum of $197,462.00.

Based upon our agreement to submit this matter to arbitration, it is my understanding that you have granted me an open extension of time within which to answer or otherwise plead therein, it being our present contemplation that no further pleadings will be required except possibly in connection with confirmation of any ultimate arbitration award. If further pleadings, by way of answer or otherwise are required, it is my understanding that you will give me an adequate opportunity to prepare same following my return from vacation on September 9, 1968.

It is my further understanding that we have agreed to divide the cost of arbitration, in so far as the fees charged by the American Arbitration Association are concerned on an equal basis. It is assumed that we will meet at an early date in September to make final arrangements in connection with the arbitration of this matter. Your courtesy and cooperation are very much appreciated.

Very truly yours,

CITY OF HAWTHORNE

BY: _____
 City Attorney

ABK/db

*"City of Good Neighbors"*

LUCAS & DEUKMEJIAN
ATTORNEYS AT LAW

CAMPBELL M. LUCAS
GEORGE DEUKMEJIAN
DON N. DYER

SUITE 830 EDISON BUILDING
100 LONG BEACH BOULEVARD

LONG BEACH, CALIFORNIA 90802
TELEPHONE (213) 435-5608

August 9, 1968

A. B. Keel, City Attorney
City of Hawthorne
13527 South Hawthorne Boulevard
Hawthorne. California 90250

Re: Tri-Cor, Inc. vs. City of
Hawthorne, et al., No. 902466

Dear Mr. Keel:

The letter will confirm our telephone conversation regarding arbitration of the above matter. We are both in agreement that the dispute should be heard by a panel of three arbitrators' rather than by a single arbitrator. I further understand that you will, upon your return from vacation, confer with the City officials as to their selection and appointment of an arbitrator familiar with the matters in question with the thought that upon Tri-Cor's selecting a similar arbitrator. The two arbitrators would be able to select a third arbitrator. I believe this procedure would be preferable to the selection of a single arbitrator from the Arbitration Association's panel.

As soon as you have resolved this question, I should appreciate hearing from you.

Very truly yours,

Campbell M. Lucas
of LUCAS & DEUKMEJIAN

CML:go
cc - Tri-Cor, Inc.