[Civ. No. 45634. Second Dist., Div. Four. Mar. 30, 1976.]

CHARLTON COMPANY OF CALIFORNIA,
Plaintiff and Respondent, v.
AERFAB CORPORATION, Defendant and Appellant.

COUNSEL

Buchalter, Nemer, Fields & Savitch and Elihu M. Berle for Defendant and Appellant.

Aaronson & Friedman and Orlan S. Friedman for Plaintiff and Respondent.

OPINION

JEFFERSON (Bernard), J.—Plaintiff Charlton Company of California, a California corporation, filed a complaint alleging that defendant, the Aerfab Corporation, had breached an oral settlement agreement. Defendant moved to stay further proceedings in the suit and to compel arbitration of the dispute. (Code Civ. Proc., § 1281.2.) After considering the affidavits, declarations and points and authorities filed by the parties, the trial court entered, in a minute order, its ruling denying defendant's motion. Defendant appeals.[1]

The record before us shows that plaintiff purchased from defendant, a New York corporation, fabric which defendant shipped to plaintiff in California, pursuant to written contracts executed by the parties in 1971 and 1972. The dispute arose because of alleged defects in the fabric, used by plaintiff to upholster furniture. The written contracts all contained an arbitration clause, which provided, in pertinent part, that "[a]ny controversy or claim arising under or in relation to this order or contract, or any modification thereof, shall be settled by arbitration."

In its complaint, plaintiff made no reference to the written contracts previously executed by the parties, but alleged that the dispute over the fabric had been settled orally by the parties in October 1972. In opposition to defendant's motion to compel arbitration and stay proceedings, plaintiff filed the declarations of its president, Morris M. Loeb, and an attorney, Robert Weil, asserting that the oral contract had been

---

[1]During the pendency of this appeal defendant filed a written motion, pursuant to rules 23 and 41 of the California Rules of Court, for an order allowing defendant to submit additional evidence on appeal. Plaintiff filed opposition papers to defendant's motion. We deny defendant's motion.

entered into between Loeb and defendant's president, Goldfarb, in Weil's presence. Defendant filed the affidavit of Goldfarb, denying that any such oral settlement had been made.

We note that the trial court's ruling denying defendant's motion (petition) to compel arbitration is appealable pursuant to Code of Civil Procedure section 1294, subdivision (a). (See *Berman* v. *Renart Sportswear Corp.* (1963) 222 Cal.App.2d 385 [35 Cal.Rptr. 218].)

Also applicable to this litigation is Code of Civil Procedure section 1291, which provides: "Findings of fact and conclusions of law *shall* be made by the court whenever an order or judgment, except a special order after final judgment, is made that is appealable under this title." [Arbitration.] (Italics added.)

The record before us contains no findings of fact and conclusions of law. What is before us is a minute order denying defendant relief, without setting forth the basis of the ruling, other than "upon the grounds presented by plaintiff's points and authorities." A similar situation confronted the appellate court in *A. D. Hoppe Co.* v. *Fred Katz Constr. Co.* (1967) 249 Cal.App.2d 154, 158 [57 Cal.Rptr. 95, 25 A.L.R.3d 1162], in which the court stated: "Notwithstanding the express statutory requirement that findings of fact and conclusions of law be made, (Code Civ. Proc., §§ 1291, 1294, subd. (a)), this minute order was made and entered without them." (Fn. omitted.) The court was of the opinion that this alone constituted reversible error, but reversed the decision of the trial court on other grounds.

In *Allstate Ins. Co.* v. *Orlando* (1968) 262 Cal.App.2d 858, 867 [69 Cal.Rptr. 702], the court was reviewing the validity of an order vacating an award, and said: "Section 1291 of the Code of Civil Procedure should be read in the light of section 632 of the same code governing findings of fact in general. Findings are required by section 632 only 'upon the trial of a question of fact.' [Citation.] Where the issue is one of law only, findings of fact are not required. [Citation.]"

*Orlando* was followed in *Johnston* v. *Security Ins. Co.* (1970) 6 Cal.App.3d 839, 844 [86 Cal.Rptr. 133], as standing for the proposition that Code of Civil Procedure section 1291 does not mandate findings when the issue before the trial court is solely one of law, rather than fact.

In *Tri-Cor, Inc.* v. *City of Hawthorne* (1970) 8 Cal.App.3d 134, 137 [87 Cal.Rptr. 311], the absence of findings was termed "not here material" by the appellate court, apparently because the record supported a finding "necessarily . . . adverse" to the plaintiff therein. The parties, in *Tri-Cor, supra,* had briefed the findings issue on appeal in terms of the relationship between section 1291, which refers to arbitration matters only, and the general civil statute, Code of Civil Procedure, section 632.

The issue of findings was also raised in *San Luis Obispo Bay Properties, Inc.* v. *Pacific Gas & Elec. Co.* (1972) 28 Cal.App.3d 556 [104 Cal.Rptr. 733], but only in the context of the amount of specificity required in making them.

The record before us provides no basis for avoiding the clear, mandatory language of section 1291 concerning the requirement of findings of fact and conclusions of law when orders appealable under the title "Arbitration" have been made. The record before us demonstrates the wisdom of making such a requirement. We can only speculate as to the factual basis of the court's ruling; several theories could be advanced in support of it, including that of waiver of the arbitration clause in the written contracts, or that of a novation which did not include provision for arbitration.

In *Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 516 [113 Cal.Rptr. 836, 522 P.2d 12], the California Supreme Court stated: "Absent such roadsigns [findings], a reviewing court would be forced into unguided and resource-consuming explorations; it would have to grope through the record to determine whether some combination of credible evidentiary items which supported some line of factual and legal conclusions supported the ultimate order or decision . . . ."

This aptly describes the situation here.

■ We hold, therefore, that section 1291 expressly imposes on the trial court the obligation to make findings of fact and conclusions of law in arbitration matters made appealable pursuant to Code of Civil Procedure section 1294, subdivisions (a), (b), (c) and (d)[2] and that failure to do so herein requires that the judgment be reversed.

---

[2]We do not include Code of Civil Procedure section 1294, subdivision (e) which refers to "[a] special order after final judgment" because section 1291 expressly excepts such orders from the findings requirement.

We agree with *Orlando* and *Johnston* that section 1291 of the Code of Civil Procedure should be read together with section 632 of the same code and that section 1291 should be given a construction similar to that given to section 632. Hence, if the issues presented and determined in arbitration matters resulting in orders that are appealable under section 1294 of the Code of Civil Procedure, raise *only* questions of law, no findings are required. (*Orlando* and *Johnston,* both *supra.*)

■ But this is not the situation presented by the record in the instant case. The declarations and affidavits presented by the respective parties raised disputed issues of fact. Findings of fact and conclusions of law were therefore required under section 1291 in accordance with the procedures set up by Code of Civil Procedure section 632 and rule 232 of the California Rules of Court, adopted by the Judicial Council pursuant thereto. Thus when disputed issues of fact are involved, the trial court must announce an intended decision rather than making a final order or judgment which does not give a party an opportunity to request written findings of fact and conclusions of law. Under rule 232(b), a party is allowed 10 days after an oral announcement of intended decision in open court, or 10 days after mailing of the announcement of intended decision, within which to serve and file a request for findings.

The order appealed from is reversed, with instructions to the trial court to proceed pursuant to the requirements of Code of Civil Procedure sections 1291 and 632 and rule 232 of the California Rules of Court.

Kingsley, Acting P. J., and Dunn, J., concurred.