Filed 7/21/14  Gardyn v. Sangha CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES GARDYN,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JASBIR SANGHA,<br><br>  Defendant and Appellant. | A134558<br><br>(Solano County<br>Super. Ct. No. FCS031180) |

On appeal from a judgment after the court confirmed an arbitration award and denied her petition to vacate, Jasbir Sangha contends the arbitrator exceeded his powers and that the trial court committed reversible error when it failed to issue a statement of decision.  Both contentions are meritless, so we affirm.

## BACKGROUND

The following facts, which are largely undisputed, are taken from the arbitrator's written decision.  In March 2007, Gardyn, as lessor, and Sangha and her late husband, as lessees, entered into a five-year commercial lease and option agreement for Gardyn's property in Benicia.  The Sanghas intended to renovate the property and operate a pizzeria.

The Sanghas agreed to pay rent of  $7,500 on or before the first day of each month, with a $500 late fee for failure to make timely payments.  Paragraph 11 of the California Association of Realtors form lease stated: "**CONDITION OF PREMISES:** Tenant has examined the Premises and acknowledges that Premise is clean and in operative condition, with the following exceptions: NO EXCEPTIONS.  TENANT

1

TAKING PREMISES IN 'AS IS CONDITION'  Items listed as exception shall be dealt with in the following manner: TENANT INTENDS TO COMPLETELY RENOVATED [*sic*] ALL MECHANICAL, STRUCTURAL, ELECTRICAL ETC ON AND AROUND THE PROPERTY."

An arbitration clause specified that any disputes between the parties would be decided by an arbitrator "in accordance with substantive California Law."  The parties also initialed the following provision: " '**NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL.   BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION.' "**   As an addendum to the lease, the parties executed an option agreement giving the Sanghas the right to purchase the property for $1,300,000, adjusted according to the U.S. Consumer Price Index.

Darshan Sangha hired an architect and had the interior stripped of the electrical and plumbing systems, fixtures, equipment and appliances.   But six months into the lease term, while the renovation work was underway, he tragically died in an automobile accident.  Rent was current at the time of his death, and Jasbir Sangha continued to pay rent until she missed the payment due December 1, 2007.  On December 27 she wrote Gardyn a check for $7,500, noting on the face of the check "Benicia Jan 08."  She made no further payments after that.

On February 13, 2008, after two missed rent payments, Gardyn served Sangha with a three-day notice to vacate.  After receiving no further payments, he filed actions for wrongful detainer and breach of lease.  Sangha cross-complained against Gardyn for breach of lease, breach of the option agreement, and fraud.

The parties' claims were heard at a two-day arbitration. On May 10, 2011, the arbitrator issued a detailed, 15-page decision. The arbitrator found Sangha had breached the lease, and denied each of her counterclaims. Gardyn fared less well, however, when it came to damages. He had sought $277,500 for 37 months of rent from January 2008 until the date of the hearing, another $169,481.25 for rent due from the date of the hearing until the end of the lease term, $18,500 in late fees, and $880,000 for the cost of repairing and restoring the property. The arbitrator awarded $180,000, discounting the amount due under the lease because of Gardyn's insufficient efforts to mitigate his losses. Specifically, the arbitrator found, Gardyn maintained an unreasonable view of the property's rental value following the 2008 economic downturn and failed to make even minor renovations necessary to attract prospective renters or buyers. The arbitrator further found the lease authorized the Sanghas to undertake their restoration work, and that, given the property's poor condition to begin with, much of their work was likely an improvement.

Addressing all of these factors, the arbitrator observed that "[t]he quantification of these considerations can be a challenging task. The law however affords an arbitrator not only flexibility, but indeed a duty to fashion a remedy that will achieve fundamental justice. The United States Supreme Court has stated in a leading case on review of arbitral remedies that the arbitrator is required 'to bring his informed judgment to bear to reach a fair solution of a problem. . . There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency.' [Citation.] Even more to the point, the California Supreme Court has stated: 'The choice of remedy, then, may at times call on any decisionmaker's flexibility, creativity and sense of fairness. In private arbitrations, the parties have bargained for the relatively free exercise of those faculties. Arbitrators, unless specifically restricted by the agreement to following legal rules, " 'may base their decision upon broad principles of justice and equity . . . .' [Citations.] As early as 1852, this court recognized that, "The arbitrators are not bound to award on principles of dry law, but may decide on principles of equity and good conscience, and

3

make their award ex aequo et bono [according to what is just and good].' [Citation.]" Were courts to reevaluate independently the merits of a particular remedy, the parties' contractual expectation of a decision according to the arbitrator's best judgment would be defeated.' "

The arbitrator found "a fundamentally fair outcome of this case is that Gardyn is entitled to 24 months of unpaid rent, for a total of $180,000. This appears to be an appropriate resolution considering that Gardyn bears no fault for [Sangha's] not being able to fulfill her contractual duties, but considering also that after the Property failed to lease or sell in 2008, he should have taken greater efforts to mitigate his damages. This concededly compromise figure is intended to cover not only his entitlement to unpaid rent, but his entitlement to late fees and to whatever he might otherwise recover for the razing of the interior of the Property that Mr. Sangha undertook." The $180,000 figure took into account a credit to Sangha for expenses she incurred to clean and secure the property. The arbitrator rejected Sangha's claim for a refund of the $96,250 in rent and option payments she had made.

The trial court confirmed the award. The arbitrator "did not exceed the scope of his authority in estimating unpaid rent damages to be $180,000.00. Substantive California law specifically and unambiguously permits a lessor to recover damages for unpaid rent upon abandonment of the real property from the date of termination to the date of the award. This amount may only be reduced by the amount of [rental] loss that the lessee proves could have been reasonably avoided. (Civ. Code § 1951.2(a)(2).) It was well within [the arbitrator's] authority to determine, based on the evidence presented by the parties and the exercise of his own judgment, how much of the unpaid rental loss was proven to be reasonably avoidable. Consequently the court finds that there is no basis to vacate or correct the award." Judgment was entered the same day.

Sangha moved to vacate on the ground that the judgment was entered before the 10-day period for reconsideration expired. The court acknowledged the judgment was prematurely entered, but denied the motion to vacate because (1) Sangha's proposed motion for reconsideration, submitted with her motion to vacate, failed to raise new or

4

different facts or law; and (2) the court's decision on the petition to confirm did not require a statement of decision.   Sangha filed this timely appeal.

## DISCUSSION

### I. The Arbitrator Did Not Exceed His Authority

One of the limited bases for judicial review of an arbitration award lies when an arbitrator acts in excess of his or her powers.  (Code Civ. Proc., § 1286.2, subd. (a)(4); *Gravillis v. Coldwell Banker Residential Brokerage Co.* (2010) 182 Cal.App.4th 503, 511.)   Sangha contends the arbitrator exceeded his powers because, rather than apply substantive California law as required under the arbitration agreement, he fashioned an equitable remedy, which she calls an "equitable compromise of damages."  Under California law, she asserts without citation to pertinent authority, Gardyn's failure to reasonably mitigate his losses precludes his recovery of *any* rent that came due after she surrendered possession of the property in May 2008.   The trial court correctly found that no grounds existed to vacate or correct the award.

Sangha's claim that the arbitrator exceeded his authority by looking to equitable principles to devise an appropriate remedy for her breach misinterprets the nature of the award.  The arbitrator's consideration of fairness and equity in assessing the value of Gardyn's mitigation efforts, his entitlement to late fees and compensation for the Sanghas' demolition work, and Sangha's credit for cleanup and security expenses does not suggest the award departed from substantive California law.   To the contrary, the arbitrator's determination that Gardyn should have made further efforts to re-rent the property following Sangha's breach and deduction for that failure from the amount owing on the lease was a commonly accepted application of the legal requirement of mitigation. (See generally, Civ. Code § 1951.2; 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 914-916, pp. 1011-1012.)  While Sangha may believe the arbitrator applied that law incorrectly, such legal error is not a basis for judicial review of the arbitration award. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 6 [decisions of arbitrators are not generally reviewable for errors of fact or law].)  In any event, "Even where application of a particular law or body of law is required by the parties' arbitration

5

agreement, an arbitrator's failure to apply such a law is not in excess of an arbitrator's powers within the meaning of section 1286.2, subdivision [(a)(4)]." (*Marsch v. Williams* (1994) 23 Cal.App.4th 238, 244; see also *Baize v. Eastridge Companies, LLC* (2006) 142 Cal.App.4th 293, 300–301 [an arbitrator's decision is not reviewable for errors of law merely because the agreement states the arbitrator must apply California law].)

Because we conclude the trial court correctly found the arbitrator did not exceed his authority, we need not address the possible effect of the contractual waiver of appellate rights in the lease agreement. Neither need we address whether Sangha waived her claim of error when in her request to modify the interim arbitration award she stated that "[t]he arbitrator is correct in applying principles of equity to the resolution of this dispute. Since this is an arbitration, rigid legal formulas should be moderated by common sense and fairness."

## II. No Statement of Decision Was Required

Sangha requested a statement of decision on three controverted issues: "1. Whether the arbitration clause in the parties' lease limited the arbitrator's power to award remedies to those remedies 'in accordance with substantive California Law'? [¶] 2. Whether the award of 'equitable damages' of $185,000 was 'in accordance with substantive California Law'?" and "3. Whether, if the award is in excess of arbitrator's contractual powers, the amount of the award can be corrected without affecting the merits of the decision?" She contends the trial court committed reversible error by declining to issue a statement of decision. There was no error. It is well settled that findings of fact are not required in arbitration matters if the issues presented and determined raise only questions of law. (*University of San Francisco Faculty Assn. v. University of San Francisco* (1983) 142 Cal.App.3d 942, 946–47; *Painters District Council No. 33 v. Moen* (1982) 128 Cal.App.3d 1032, 1042; *Johnston v. Security Ins. Co.* (1970) 6 Cal.App.3d 839, 844; *Allstate Ins. Co. v. Orlando* (1968) 262 Cal.App.2d 858, 867; *cf. Charlton Co. v. Aerfab Corp.* (1976) 56 Cal.App.3d 808, 813.) Sangha's controverted issues all presented questions of law. In rejecting her arguments, the court determined that the arbitrator did not exceed the authority conferred upon him by the agreement, and the

6

damages award was authorized by California substantive law.  No statement of decision was required.

**DISPOSITION**

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Jenkins, J.